SEYFARTH SHAW LLP
Jamie C. Pollaci (SBN 244659)
Email: jpollaci@seyfarth.com
Orly Z. Elson (SBN 240645)
E-mail:  oelson@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:   (310) 201-5219

Attorneys for Defendant
LOWE'S HOME CENTERS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE HERNANDEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>LOWE'S HOME CENTERS, LLC, and DOES 1 through 25,<br><br>        Defendant. | Case No. 5:21-cv-75<br><br>(San Bernardino County Superior Court Case No. CIVSB2026048)<br><br>**DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO DIVERSITY OF CITIZENSHIP JURISDICTION [28 U.S.C. SECTIONS 1332 AND 1441]**<br><br>Complaint Filed: November 12, 2020<br>Trial Date:     None Set |

To the United States District Court for the Central District of California and to Plaintiff and his attorneys of record:

Please take notice that Defendant LOWE'S HOME CENTERS, LLC ("Defendant") hereby files this Notice of Removal pursuant to 28 United States Code sections 1332 and 1441(a) and (b), based on diversity of citizenship jurisdiction, in order to effectuate the removal of the above-captioned action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, and states that removal is proper for the following reasons:

1

## I.    **BACKGROUND**

1.    On November 12, 2020, Plaintiff Jose Hernandez ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of San Bernardino, entitled, *Jose Hernandez v. Lowe's Home Centers, LLC and DOES 1 to 25, inclusive*, designated as Case No. CIVSB2026048. In the Complaint, Plaintiff alleges two causes of action against Defendant: (1) Sexual Harassment in Violation of Gov't Code §12940(h)(i) and (2) Failure to Take Reasonable Steps to Prevent Harassment in Violation of Gov't Code §12940(k).

2.    On December 18, 2020, Plaintiff served Defendant with the Summons and Complaint. True and correct copies of the Summons and Complaint served on Defendant are attached as Exhibit 1 (hereinafter "Compl.").

3.    On January 13, 2021, Defendant filed its Answer to the Complaint in San Bernardino County Superior Court. A true and correct unconformed copy of Defendant's Answer filed in San Bernardino County Superior Court is attached as Exhibit 2.

4.    Exhibits 1 and 2 constitute all of the pleadings served on Defendant and/or filed by Defendant in the state court action prior to filing this Notice of Removal. (Declaration of Orly Z. Elson ["Elson Dec."] ¶ 3.) Aside for a trial setting conference scheduled on May 12, 2021, there are no pending hearings currently scheduled in the San Bernardino County Superior Court in the state court action. (Elson Dec. ¶ 3.)

## II.    **TIMELINESS OF REMOVAL**

5.    This notice of removal is timely as it is filed less than one year from the date this action was commenced and within thirty days of the service of the Summons and Complaint upon Lowe's Home Centers, LLC, the moving defendant. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 119 S. Ct. 1322 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint). (Exhibit 1.)

## III.    **JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP**

6.    The Court has original jurisdiction of this action under 28 United States Code section 1332(a)(1). As set forth below, this action is removable pursuant to 28 United States

2

Code section 1441(a) as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and is between citizens of different states.

7. **Plaintiff's Citizenship**. "An individual is a citizen of the state in which he is domiciled …." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011).

8. Plaintiff's Complaint asserts that he resides in California: "Hernandez is, at all times mentioned, an individual residing in the County of San Bernardino, State of California." (Compl. ¶1.) Throughout Plaintiff's employment, from January 5, 2017 through the present, Plaintiff worked at two stores located in California.  (Declaration of Grace Ridley ["Ridley Dec."] ¶ 3.)  Additional evidence that Plaintiff resides in California can be found in the fact that, throughout his employment with Defendant, Plaintiff's home address during the period he has been working at Lowe's is within the State of California. (Ridley Dec. ¶ 4.) There are no documents in Plaintiff's personnel records to suggest in any way that he is currently, or during the period of his employment was, a resident or citizen of any state other than California. (*Id*.) Plaintiff's residence in California is prima facie evidence of his domicile. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983) (a party's residence is prima facie evidence of his domicile). By asserting his California residence in his Complaint, and providing his California residence to his former employer, Plaintiff has demonstrated "an intent to remain" in California, establishing Plaintiff's domicile in California. Plaintiff therefore, is, and at all times since the commencement of this action has been, a citizen of the State of California.

9. **Defendant's Citizenship**. In a removal, a limited liability company is treated as a partnership for purposes of diversity, and citizenship depends on the citizenship of its

3

members. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities .… [I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S.Ct. 1181, 1192 (2010).

10.    Defendant Lowe's Home Centers, LLC's sole member is Lowe's Companies, Inc. Ridley Dec. ¶ 6.)

11.    Lowe's Companies, Inc. is, and was at the time the civil action was instituted, a corporation organized under the laws of North Carolina. (Ridley Dec. ¶ 6.)

12.    Further, Lowe's Companies, Inc.'s headquarters—where its high-level officers direct, control, and coordinate the corporation's activities—is located in Mooresville, North Carolina. (Ridley Dec. ¶ 7.) The majority of Lowe's Companies, Inc.'s executive and administrative functions take place at its headquarters in North Carolina. (*Id.*) All of Lowe's Companies, Inc.'s executives have offices in, and regularly work from, these headquarters. (*Id.*) The functions performed at Lowe's Companies, Inc.'s North Carolina headquarters include the activities of all of its high-level management team, and the majority of its administrative functions, including payroll, accounting, purchasing, marketing, legal, human resources, and information systems. (*Id.*) Lowe's Companies, Inc.'s company-wide policies and procedures are formulated at the North Carolina headquarters. (*Id.*) Lowe's Companies, Inc.'s activities and operations are directed and ultimately controlled from the North Carolina headquarters. (*Id.*) Thus, Lowe's Companies, Inc. is a citizen of North Carolina.

13. Accordingly, because Lowe's Companies, Inc. is a citizen of North Carolina, Defendant is a citizen of the State of North Carolina, not California. Thus, the requisite diversity of citizenship exists. *See* 28 U.S.C. § 1332(c)(1).

14. Further, in compliance with 28 United States Code section 1441(b), "none of the parties in interest properly joined and served as defendants is a citizen of the State in which [this] action is brought." Pursuant to 28 United States Code section 1441(a), the citizenship of defendants sued under fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998); 28 U.S.C. § 1441 (a) (stating that for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded). In determining whether diversity of citizenship exists, only the named defendants are considered. *Id.*

15. **Amount in Controversy**. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement for diversity jurisdiction is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. 28 U.S.C. § 1332(a)(1); *see Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (where a plaintiff's state court complaint does not specify a particular amount of damages, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds the requisite threshold).

16. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007). Further, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that a court may consider facts presented in the removal petition). When the amount in controversy is not apparent from the face of the complaint, a defendant may set forth underlying facts supporting its assertion that the amount in controversy

5

exceeds the jurisdictional threshold. *Id.*; *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

17.    As the Supreme Court has explained, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."); *see also Valdez*, 372 F.3d at 1117 ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy"). Defendant is not obligated to "research, state, and prove the plaintiff's claims for damages." *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008)); *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (noting that the inquiry is "what is in controversy" by the plaintiff's complaint, not what a defendant will actually owe).

18.    In determining whether a complaint meets the $75,000 threshold under 28 United States Code section 1332(a), the Court must consider a plaintiff's alleged aggregate general damages, special damages, punitive damages, and attorneys' fees. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees may be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mutual Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be taken into account in determining amount in controversy where recoverable under state law); *Conrad Assocs. v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages, including attorneys' fees and punitive damages).

19.    The calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any

admission, the truth of any of the allegations, and assuming liability (which is disputed) based on Plaintiff's theory of recovery.

20. **Economic Damages.** In his Complaint, Plaintiff seeks to recover general damages for the alleged sexual harassment and failure to prevent sexual harassment. (Compl., Prayer for Relief, No. 1.) While Plaintiff continues to be employed by Defendant, he has been on a medical leave of absence since August 26, 2020. (Ridley Dec. ¶ 5.) At the time he started his leave, Plaintiff earned a base hourly rate of $15.51. (*Id.*) Conservatively, estimating a November 2021 trial date, Plaintiff's lost wages alone would amount to approximately $40,300.00; i.e. 13 weeks between his leave of absence and the filing of the Complaint and an additional 52 weeks after the Complaint was filed.

21. In addition to back pay, a plaintiff who prevails on a claim for wrongful termination or discriminatory discharge of employment may be entitled to either reinstatement or an award of "front pay" in lieu of reinstatement. *See, e.g., Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1346 (9th Cir. 1997) (stating that a court has discretion to award front pay in lieu of reinstatement); *Secru v. Laboratory Corp. of America*, No. 3:09–cv–0619–LRH–RAM, 2009 WL 3755763, at * 2, n.3 (D. Nev. Nov. 9, 2009) (future lost wages alone can satisfy amount in controversy); *James v. Childtime Childcare, Inc.*, No. Civ. S-06-2676 DFL DAD, 2007 WL 1589543, at *2, n.1 (E.D. Cal. June 1, 2007) (while courts evaluate the amount in controversy at the time of removal, future lost wages are properly considered in that calculation); see also Crum v. Circus Circuit Enters., 231 F.3d 1129, 1131 (9th Cir. 2000) (future damages are properly considered in determining amount in controversy).

22. An award of three years' front pay would entitle Plaintiff to more than $96,000.00 in additional recovery. *See Traxler v. Multnomah Cty.*, 569 F.3d 1007, 1015 (9th Cir. 2010) (upholding district court's decision to award nearly four years' front pay); *see also Glenn-Davis v. City of Oakland*, No. C 02-2257 SI, 2008 WL 410239, *4 (N.D. Cal. 2008) (finding three years of front pay "appropriate"); *Ackerman v. Western Elec. Co.,*

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67414859v.2

*Inc.*, 643 F. Supp. 836, 856 (N.D. Cal. 1986) (same). Thus, Plaintiff's allegations of lost wages alone exceed $115,700.00.

23. **Emotional Distress Damages.** In addition to economic damages, in his Complaint, Plaintiff seeks to recover losses resulting from "extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety and depression, the extent of which is not fully known at this time, and the amount of damages caused thereby is not yet fully ascertained." (Compl. ¶ 16; *see also* ¶ 21 ("Defendant . . . caused Plaintiff to suffer further mental anguish and emotional suffering."); Prayer for Relief, No. 2.)

24. Should Plaintiff prevail at trial, it is more likely than not that he would recover over $75,000 in emotional distress damages alone, as there have been in recent years, several verdicts in sexual harassment cases entered in favor of plaintiffs in California where the awarded "emotional distress" damages exceeded $75,000. *See Minakshi Jafa-Bodden v. Bikram Choudhury*, 2016 WL 7841066 (L.A. County Sup. Ct.) (May 23, 2016) (awarding $500,000 in noneconomic losses to employee who alleged sexual harassment and failure to prevent harassment against employer); *Kelley v. Merle Norman Cosmetics*, 2013 WL 1898806 (L.A. County Sup. Ct.) (March 15, 2013) (award of $360,000 in noneconomic losses to employee who alleged sexual harassment against employer along with retaliation, wrongful termination and intentional infliction of emotional distress); *Fuentes v. AutoZone. Inc.,* 200 Cal. App. 4th 1221, 1224 (2011) (upholding jury verdict of $160,000 in damages for sexual harassment claim brought by a former employee).

25. **Attorneys' Fees**. Plaintiff claims statutory entitlement to attorneys' fees. (Compl., Prayer for Relief, No. 3.) Attorneys' fees are properly considered in calculating the amount-in-controversy for purposes of removal on grounds of diversity jurisdiction. *Galt*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory). Under California Government Code section 12965, the court in its discretion may award fees and costs to the "prevailing party" in FEHA actions. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent

1  circumstances that would render the award unjust." *Horsford v. Bd. of Trs. of Cal. State*

2  *Univ.*, 132 Cal. App. 4th 359, 394 (2005). Here, Plaintiff asserts two FEHA claims against

3  Defendant in the Complaint. (Compl., First and Second Causes of Action.) The amount of

4  attorneys' fees for purposes of amount in controversy calculations is the expected

5  reasonable attorneys' fees **through trial**. *Fritsch v. Swift Transp.*, 899 F. 3d 785, 794 (9th

6  Cir. 2018) ("a court must include future attorneys' fees recoverable by statute or contract

7  when assessing whether the amount-in-controversy requirement is met.").

8      26.    Defendant anticipates that the Parties will propound and respond to written

9  discovery, that depositions will be taken in this case, and that Defendant will file a Motion

10  for Summary Judgment. (Elson Dec. ¶ 4.) Here, if Plaintiff prevails, he could be entitled to

11  an award of attorneys' fees that alone is "more likely than not" to exceed $75,000, as is

12  typical in sexual harassment cases. Indeed, courts have awarded attorneys' fees in excess

13  of $75,000 in cases involving harassment and failure to prevent harassment. *See, e.g.,*

14  *Minakshi Jafa-Bodden v. Choudhury*, 2016 WL 7841066 (L.A. County Sup. Ct.) (May 23,

15  2016) (award of $1,092,895 in attorneys' fees to employee who alleged harassment and

16  failure to prevent harassment); *Fuentes v. AutoZone. Inc.,* 200 Cal. App. 4th 1221, 1224

17  (2011) (upholding award of $677,025 in attorneys' fees to employee who brought claim

18  for sexual harassment); *Denenberg v. California Dep't of Trans.*, 2007 WL 2827715 (San

19  Diego County Superior Court) (Sept. 14, 2006) (attorneys' fees award of $490,000 in case

20  alleging sexual harassment and retaliation).

21      27.    **Punitive Damages**. Plaintiff also seeks punitive damages in the Complaint.

22  (Compl., ¶17 and Prayer for Relief, No. 5.) The Court must consider Plaintiff's request for

23  punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit*

24  *Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be

25  taken into account where recoverable under state law). "Because plaintiff brings a claim

26  under FEHA, and '[p]unitive damages are recoverable for FEHA violations,' punitive

27  damages may be included in the amount in controversy here." *Thompson*, 2017 WL 590261

28  at *4.

28.    Courts have affirmed jury verdicts exceeding the jurisdictional threshold in punitive damages in alleged discrimination and harassment cases alone.  *See Minakshi Jafa-Bodden v. Bikram Choudhury,* 2016 WL 7841066 (L.A. County Sup. Ct.) (May 23, 2016) (award of $4,622,770 in punitive damages to employee who accused employer of sexual harassment and failure to prevent harassment); *Bergren v. Fu-Gen, Inc.*, 2014 WL 8508668 (L.A. County Sup. Ct.) (award of $750,000 in punitive damages to employee who alleged harassment and failure to prevent harassment along with discrimination, retaliation, and intentional infliction of emotional distress).

29.    In sum, Plaintiff's aggregated recovery on his claims, including lost wages, emotional distress damages, attorneys' fees, and punitive damages, satisfies the $75,000 jurisdictional threshold. While Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 United States Code section 1332(a).

30.    Because diversity of citizenship exists between Plaintiff and Defendant, and the amount in controversy between the Parties exceeds $75,000, this Court has original jurisdiction of the action pursuant to 28 United States Code section 1332(a)(1), and removal is proper.

## IV.    <u>VENUE</u>

31.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 United States Code sections 84(c)(2), 1441, and 1446(a) because this action originally was brought in the Superior Court of the State of California, County of San Bernardino. In addition, the action arose in the County of San Bernardino because the two facilities where Plaintiff worked are in Chino Hills and Rancho Cucamonga, California.  (Riley Decl. ¶ 3.)  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**V.    NOTICE OF REMOVAL TO PLAINTIFF AND THE SUPERIOR COURT**

    32.    Pursuant to 28 United States Code section 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

**VI.    PRAYER FOR REMOVAL**

    33.    Wherefore, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of San Bernardino to the United States District Court for the Central District of California.

DATED:  January 15 , 2020          SEYFARTH SHAW LLP

By:_____
          Jamie C. Pollaci
          Orly Z. Elson
          Attorneys for Defendant
          LOWE'S HOME CENTERS, LLC

DEFENDANT LOWE'S HOME CENTERS LLC'S NOTICE OF REMOVAL TO U.S. DISTRICT COURT
67414859v.2