# EXHIBIT 1

COPY

1  Michael A. Gould (SBN 151851)
   Michael@wageandhourlaw.com
2  Aarin A. Zeif (SBN 247088)
   Aarin@wageandhourlaw.com
3  GOULD & ASSOCIATES
   A Professional Law Corporation
4  17822 East 17th Street, Suite 106
   Tustin, California 92780
5  Telephone: (714) 669-2850
   Telecopier: (714) 544-0800
6
   Attorneys for Plaintiff
7  Jose Hernandez

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                         COUNTY OF SAN BERNARDINO

11  JOSE HERNANDEZ,                    )  CASE NO.: CIVSB2020048
                                       )
12                                     )  COMPLAINT FOR DAMAGES FOR:
                                       )
13              Plaintiff,             )  1. SEXUAL HARASSMENT IN
                                       )     VIOLATION OF *GOVERNMENT
14                                     )     CODE* § 12940(a), (j)(1); AND
       v.                              )
15                                     )
                                       )  2. FAILURE TO TAKE ALL
16                                     )     REASONABLE STEPS NECESSARY
                                       )     TO PREVENT HARASSMENT IN
17  LOWE'S HOME CENTERS, LLC, and      )     VIOLATION OF *GOVERNMENT
    DOES 1 through 25,                 )     CODE* § 12940(k).
18                                     )
19                                     )
                                       )
20              Defendant.            )  Unlimited Civil
                                       )  Demand for Jury Trial
21                                     )
                                       )
22

23

24

25

26

27

28
                              - 1 -

                   CIVIL COMPLAINT FOR DAMAGES

BY FAX

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

NOV 12 2020

BY _____
        MELISSA PEREZ, DEPUTY

Plaintiff Jose Hernandez (hereinafter referred to as "Hernandez") alleges:

## GENERAL ALLEGATIONS

1.    Hernandez is, at all times mentioned, an individual residing in the County of San Bernardino, State of California.

2.    At all times mentioned in this Complaint, Plaintiff is informed and believes and thereon alleges that Defendant, Lowe's Home Centers, LLC (hereinafter referred to as "Defendant") was and is a corporation doing business in the County of San Bernardino, State of California.

3.    Hernandez is unaware of the true names and capacities of Defendants sued herein, as DOES 1 through 25, inclusive and therefore sues those Defendants by such fictitious names. Hernandez will amend this complaint to allege their true names and capacities when ascertained. Hernandez is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged and were proximately caused by their conduct.

4.    Hernandez is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

5.    At all relevant times mentioned herein, Plaintiff's supervisor,  was the agents, servants, managers, assistant managers, supervisors, and/or employees of Defendants, and in doing the acts hereafter described, acted within the course and scope of his employment.

6.    Venue is proper in this judicial district because the conduct alleged in this Complaint occurred in this judicial district.

CIVIL COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION
### For Sexual Harassment in Violation
### of *Government Code* §12940(h)(i)

7.  Hernandez re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 6, inclusive, as though set forth fully herein.

8.  Hernandez is informed and believes, and thereon alleges, that he is a male that was employed by Defendant on the merchandizer service team.

9.  This action is brought pursuant to California Fair Employment and Practices Act, *Government Code* §§12900, *et seq.* and the corresponding regulations of the California Fair Employment and Housing Commission.

10.  That at all times mentioned in this Complaint, Defendant regularly employed five or more persons, bringing Defendant employer within coverage of the provisions of §12900, *et seq.* of the *Government Code*, which prohibit employers and/or employees from discriminating against employees on the basis of gender and/or sexual orientation, and/or engaging in sexual harassment.

11.  Plaintiff has filed a claim of discrimination with the California Department of Fair Employment and Housing.  Plaintiff received a Notice of Right to Sue from said agency. A True and correct of this Notice of Right to Sue and her Complaint are attached collectively as Exhibit No. 1.

12.  During Hernandez' employment with Defendant, Plaintiff's supervisor, created a sexually hostile work environment for Hernandez by engaging in unwanted sexual comments.

13.  Plaintiff further alleges that the acts herein alleged above, including the unwanted sexual advancements by his supervisor to Plaintiff constitute unlawful sexual harassment, rendering Plaintiff's employment environment intimidating, offensive, and hostile.

14.  Plaintiff alleges that the conduct of his supeirvsor, agents of Defendant, as described herein, would have been offensive to any reasonable person.  Plaintiff did not consent to such conduct, and found it unwelcome and offensive.  The conduct rendered Plaintiff's employment intolerable, and no reasonable person could have tolerated it.

- 3 -

**CIVIL COMPLAINT FOR DAMAGES**

15.     The conduct as described in this Complaint was malicious and it was intended to oppress, humiliate, and denigrate Plaintiff and was totally without justification.

16.     As a further, direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered extreme and severe anguish, humiliation, emotional distress, nervousness, tension, anxiety, and depression, the extent of which is not fully known at this time, and the amount of damages caused thereby is not yet fully ascertained, the precise amount to be proven at the time of trial.  Plaintiff claims this amount, together with pre-judgment interest pursuant to *California Civil Code* § 3287 or any other provision of law providing for pre-judgment interest.

17.     The conduct of Defendant as described above was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages in the amount appropriate to punish Defendant.

### THIRD CAUSE OF ACTION
#### Failure to Take Reasonable Steps
#### To Prevent Sexual Harassment in Violation
#### Of *Government Code* § 12940(k)

18.     Hernandez re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17, inclusive, as though set forth fully herein.

19.     Plaintiff is informed and believes and thereon alleges that at all times relevant to this action, *Government Code* § 12940(k) was in full force and effect and was binding upon Defendant.  Said statute, in furtherance of the policies of *Government Code* § 12940 and the *California Constitution* Art. I, § 8, requires an employer to take all reasonable steps to prevent sexual harassment.

20.     Plaintiff is informed and believes, and thereon alleges that Defendant unlawfully refused to take reasonable steps to prevent the harassment she was otherwise forced to endure.  As an example of Defendant's unlawful conduct in this regard, Defendant failed to prevent the harassment by failing to take the following reasonable steps necessary to prevent and terminate the sexual harassment of Hernandez: (a) of investigating Plaintiff's claim in a timely manner; (b) taking adverse employment action(s) against employees who harassed other employees including

-4-

CIVIL COMPLAINT FOR DAMAGES

1    Plaintiff; (c) not following a work policy prohibiting sexual harassment; and (d) not following a

2    work policy which deterred sexual harassment.

3        21.    Hernandez is informed and believes and thereon alleges, that Defendant's conduct

4    in violating *Government Code* § 12940(k) rendering her helpless in the face of unwanted and

5    unlawful sexual harassment, caused her to sustain each and every element of damage caused by

6    the harassment itself.  Defendant failed to meet its statutory duty to Plaintiff and caused Plaintiff

7    to suffer further mental anguish and emotional suffering unnecessarily, all to her detriment in an

8    amount that will be proven at trial.

9                              **PRAYER FOR RELIEF**

10        WHEREFORE, Plaintiff prays for judgment herein against Defendants follows:

11                          **ON THE FIRST CAUSE OF ACTION**

12    1.    General damages according to proof;

13    2.    Special damages according to proof;

14    3.    For attorney's fees and costs;

15    4.    For pre-judgment interest on all amounts claimed;

16    5.    For punitive damages;

17    6.    An injunction against Defendant and its officers, agents, successors, employees,

18        representatives, and any and all persons acting in concert with it from engaging in

19        each of the practices complained of herein.

20                        **ON THE SECOND CAUSE OF ACTION**

21    7.    General damages according to proof;

22    8.    Special damages according to proof;

23    9.    For attorney's fees and costs;

24    10.    For pre-judgment interest on all amounts claimed;

25    11.    For punitive damages;

26    12.    An injunction against Defendant and its officers, agents, successors, employees,

27        representatives, and any and all persons acting in concert with it from engaging in

28

- 5 -

**CIVIL COMPLAINT FOR DAMAGES**

1    each of the practices complained of herein.

2    <u>**ALL CAUSES OF ACTION**</u>

3    13.    For reasonable attorney's fees as provided by law;

4    14.    For costs of suit herein incurred; and

5    15.    For such other and further relief as the court deems just and proper.

6    <u>**REQUEST FOR A JURY TRIAL**</u>

7    Plaintiff hereby demands a jury trial in this action.

8

9

10   Dated: November 5, 2020

11   Michael A. Gould
     Aarin A. Zeif
12   GOULD AND ASSOCIATES
     A Professional Law Corporation
13   Attorneys for PLAINTIFF
     Jose Hernandez

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 6 -

**CIVIL COMPLAINT FOR DAMAGES**

# Exhibit No. 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

November 5, 2020

Aarin Zeif
17822 E. 17th St., 106
Tustin, CA 92780

RE:  **Notice to Complainant's Attorney**
DFEH Matter Number: 202011-11728705
Right to Sue: Hernandez / Lowe's Home Centers, LLC

Dear Aarin Zeif:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                                          GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

November 5, 2020

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202011-11728705
Right to Sue: Hernandez / Lowe's Home Centers, LLC

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

KEVIN KISH, DIRECTOR

November 5, 2020

Jose Hernandez
5005 South Centennial Circle
Ontario, California 91762

RE:     **Notice of Case Closure and Right to Sue**
         DFEH Matter Number: 202011-11728705
         Right to Sue: Hernandez / Lowe's Home Centers, LLC

Dear Jose Hernandez:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective November 5, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

1

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**

2

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**

3

**(Gov. Code, § 12900 et seq.)**

4

**In the Matter of the Complaint of**

5

Jose Hernandez                                    DFEH No. 202011-11728705

6

Complainant,

7

vs.

8

Lowe's Home Centers, LLC
1000 Lowe's Blvd.

9

Mooresville, North Carolina 28117

10

Respondents

11

_____

12

1. Respondent **Lowe's Home Centers, LLC** is an **employer Lowe's Home Centers, LLC**
subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, §

13

12900 et seq.).

14

2.
3. Complainant **Jose Hernandez**, resides in the City of **Ontario**, State of **California**.

15

16

4. Complainant alleges that on or about **March 12, 2020**, respondent took the
following adverse actions:

17

**Complainant was harassed** because of complainant's sexual harassment- hostile
environment, sexual harassment- quid pro quo.

18

19

**Additional Complaint Details:** Jose Hernandez worked at Lowe's Home Centers, LLC on
the Merchandiser Service Team for nearly four (4) years. Hernandez was sexually harassed

20

by his supervisor, including inappropriate touching. Hernandez reported it to Human
Resources, however, the sexual harassment continued. Lowe's Home Centers, LLC failed

21

to take all reasonable steps to prevent harassment.

22

23

24

25

26

27

-1-
Complaint – DFEH No. 202011-11728705

28

Date Filed: November 5, 2020

VERIFICATION

I, **Michael Gould**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On November 5, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Tustin, Ca**

-2-
*Complaint – DFEH No. 202011-11728705*

Date Filed: November 5, 2020

# EXHIBIT 2

1    SEYFARTH SHAW LLP
     Jamie C. Pollaci (SBN 244659)
2    Email: jpollaci@seyfarth.com
     Orly Z. Elson (SBN 240645)
3    E-mail: oelson@seyfarth.com
     2029 Century Park East, Suite 3500
4    Los Angeles, California 90067-3021
     Telephone:    (310) 277-7200
5    Facsimile:    (310) 201-5219

6    Attorneys for Defendant
     LOWE'S HOME CENTERS, LLC
7

8

9                    SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10                           COUNTY OF SAN BERNARDINO

11

12   JOSE HERNANDEZ,                          Case No. CIVSB2026048

13                Plaintiff,                   **DEFENDANT LOWE'S HOME
                                              CENTERS, LLC'S ANSWER TO
14        v.                                  PLAINTIFF'S COMPLAINT**

15   LOWE'S HOME CENTERS, LLC, and DOES 1     Complaint Filed:    November 12, 2020
     through 25,                              Trial Date:         None Set
16
                  Defendant.
17

18

19

20

21

22

23

24

25

26

27

28

_____
            DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT
67411266v.2

Defendant Lowe's Home Centers, LLC ("Defendant"), for itself and no other defendant, hereby answers the unverified Complaint of Plaintiff Jose Hernandez ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation, statement, matter and each purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendant.

## SEPARATE AND ADDITIONAL DEFENSES

In further answer to the Complaint, and as separate and distinct additional defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

## FIRST DEFENSE

### (Failure to State a Cause of Action)

1.      Plaintiff's Complaint, and each purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND DEFENSE

### (Statute of Limitations)

2.      The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by all applicable statutes of limitation including but not limited to California Code of Civil Procedure Sections 335.1 and 338(a) and California Government Code Sections 12960(d) and 12965(d).

## THIRD DEFENSE

### (Estoppel)

3.      Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred because Plaintiff is estopped by his conduct and actions to claim any right to damages or any relief against Defendant.

1

## FOURTH DEFENSE

### (Unclean Hands)

4.    Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred by the equitable doctrine of unclean hands because of Plaintiff's conduct and actions.

## FIFTH DEFENSE

### (Laches)

5.    Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff delayed unreasonably in bringing his claims.

## SIXTH DEFENSE

### (Failure To Exhaust Administrative Remedies)

6.    Plaintiff's Complaint and each cause of action alleged therein are barred to the extent Plaintiff failed to exhaust his administrative remedies and to the extent Plaintiff's causes of action exceed the scope of charges he filed, if any, with appropriate governmental agencies.

## SEVENTH DEFENSE

### (After-Acquired Evidence)

7.    To the extent discovery may disclose information which could serve as a basis for the alleged termination of Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

## EIGHTH DEFENSE

### (Failure to Mitigate Damages)

8.    Plaintiff's Complaint and each cause of action alleged therein are barred, or should be reduced, to the extent Plaintiff failed to mitigate his alleged damages as required by law.

## NINTH DEFENSE

### (Workers' Compensation Act Preemption)

9.    To the extent Plaintiff's Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, any court or arbitrator lacks jurisdiction, and any recovery is barred by the exclusivity of remedy under the California Workers' Compensation Act, California Labor Code Sections 3200, *et seq.*

2

67411266v.2

### TENTH DEFENSE

### (Setoff and Recoupment)

10.     To the extent a court or arbitrator holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments made to Plaintiff and/or all obligations Plaintiff owed to Defendant against any judgment that may be entered against Defendant.

### ELEVENTH DEFENSE

### (Failure to Take Advantage of Preventive/Corrective Opportunities)

11.     Defendant exercised reasonable care to prevent and/or correct any harassing workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's Complaint and each cause of action alleged therein are barred or, alternatively, his relief is limited.

### TWELFTH DEFENSE

### (Prompt Remedial Action)

12.     Defendant took prompt and appropriate corrective action in response to Plaintiff's complaints or stated concerns regarding the workplace, if any, thereby satisfying all legal duties and obligations Defendant had to Plaintiff, if any at all.

### THIRTEENTH DEFENSE

### (Consent and Waiver)

13.     Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the doctrines of consent and waiver because of Plaintiff's own conduct and actions.

### FOURTEENTH DEFENSE

### (Offset)

14.     Any recovery on Plaintiff's Complaint and each cause of action alleged therein is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source Plaintiff under the doctrine prohibiting double recovery set forth by *Witt v. Jackson*, 57 Cal. 2d 57 (1961) and its progeny.

3

67411266v.2

### FIFTEENTH DEFENSE

**(Punitive Damages Unconstitutional)**

15.     Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this lawsuit, if any, to the extent any such act is found, recovery of punitive damages against Defendant is unconstitutional under numerous provisions of the United States Constitution and the California Constitution.

### SIXTEENTH DEFENSE

**(Failure to State a Claim for Relief for Punitive Damages)**

16.     Plaintiff is not entitled to recover any punitive, double or exemplary damages against Defendant and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code Section 3294(a).

### SEVENTEENTH DEFENSE

**(Adequate Legal Remedy)**

17.     Plaintiff's request for injunctive relief is improper because Plaintiff has an adequate remedy at law.

### EIGHTEENTH DEFENSE

**(Lack of Jurisdiction - Arbitration Agreement)**

18.     This Court lacks jurisdiction over the Complaint, and all causes of action alleged therein, due to the existence of a mandatory and binding Arbitration Agreement executed by Plaintiff.

### RESERVATION OF RIGHTS

Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims.  Defendant has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on such other applicable defenses as may later become available or apparent. Defendant further reserves the right to amend its answer or defenses accordingly and/or to delete defenses that it determines are not applicable during the course of discovery.

### PRAYER FOR RELIEF

Wherefore, Defendant prays for judgment as follows:

4

67411266v.2

A.      That Plaintiff take nothing by way of his Complaint;

B.      That judgment be entered in favor of Defendant and against Plaintiff in this action;

C.      That Defendant be awarded reasonable attorneys' fees and costs of suit incurred herein as provided by law; and

D.      That Defendant be awarded such other relief as may be deemed just and proper.

DATED: January 13, 2021            SEYFARTH SHAW LLP

By: _____
      Jamie C. Pollaci
      Orly Z. Elson
      Attorneys for Defendant
      LOWE'S HOME CENTERS, LLC

5

67411266v.2

1

## **PROOF OF SERVICE**

2   I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California

3   90067.  On January 13, 2021, I served the within document(s):

4   **DEFENDANT LOWE'S HOME CENTERS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

5   ☐  I sent such document from facsimile machines (415) 397-8549 on January 13, 2021.  I certify that

6   said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt.  I, thereafter, mailed a copy to

7   the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

8   ☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

9

10  ☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

11  ☐  by placing the document(s) listed above in a sealed envelope or package provided by Federal

12  Express with postage paid on account and deposited for collection with Federal Express at Los Angeles, California, addressed as set forth below.

13  ☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

14

15  Michael A. Gould
    Aarin A. Zeif

16  GOULD & ASSOCIATES
    17822 East 17th Street, Suite 106

17  Tustin, California 92780
    Telephone: (714) 669-2850

18  Facsimile: (714) 544-0800
    Michael@wageandhourlaw.com

19  Aarin@wageandhourlaw.com

20

21  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with

22  postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day

23  after date of deposit for mailing in affidavit.

24  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

25  Executed on January 13, 2021, at Los Angeles, California.

26

27  _____
                        *Ann Pleasant*
                         Ann Pleasant

28

1